EXHIBIT A TO SC LBR 3015-1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>**Barber, Akiem & Marcel**<br><br><br>Last four digits of Soc. Sec. #6606<br>Last four digits of Soc. Sec. #9108<br><br>DEBTORS(S).<br>_____ | **CASE NO: 05-08512**<br><br>NOTICE, CHAPTER 13<br>PLAN AND RELATED MOTIONS |

**NOTICE OF: 1.) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN; 2.) MOTION FOR VALUATION; 3.) MOTION TO AVOID CERTAIN LIENS; AND 4.) ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS**

The following chapter 13 plan (the "Chapter 13 Plan") and related motions (the "Related Motions") have been filed in the above-captioned case. They will be considered at the Confirmation Hearing, notice of which is given in the Notice of Meeting of Creditors. Any objection to the confirmation of the plan, to the payment of attorney's fees, to the Motion to Value Security, to the Motion to Avoid Judicial Lien or to Avoid a Non-purchase Money, Non-possessory Security Interest and Lien, or to the assumption or rejection of an executory contract, all as requested herein, must be made in writing, served upon the undersigned counsel for the debtor(s), Stone & Assoc. Law Firm, PA, Irmo, SC 29063, the Chapter 13 Trustee, Wm. Keenan Stephenson, Jr., POB 8477, Columbia, SC 29202, Joy S. Goodwin, POB 2066, Columbia, SC 29202, or James M. Wyman, POB 997, Mt. Pleasant SC 29465-0997 and filed with the Clerk of Court, United States Bankruptcy Court, 1100 Laurel Street, Columbia, South Carolina 29201, within twenty-five (25) days from the date of filing this Notice, Chapter 13 Plan and Related Motions. All objections must comply with South Carolina Local Bankruptcy Rule 9014-4.(SC LBR 9014-4).

The Notice and Chapter 13 Plan shall be served on or before the date they are filed with the Court and according to Federal Rules of Bankruptcy Procedure, Rules 3015 and 2002. Related Motions shall be served on or before the date of their filing with the Court and according to Federal Rules of Bankruptcy Procedure, Rule 7004.

The Plan and Related Motions propose to value the claims of the following creditors: **Nissan Motor**

The Chapter 13 Plan and Related Motions propose to avoid a judicial lien or to avoid a non-purchase money, non-possessory security interest or to avoid a lien of the following creditors: **Chrysler**

The Chapter Plan and Related Motions propose the assumption or rejection of executory contracts as follows:

**REVIEW THE PLAN AND RELATED MOTIONS CAREFULLY TO DETERMINE THE TREATMENT OF YOUR CLAIM.**

If an objection is filed within twenty-five (25) days after date of filing and such timely objection is filed before the Confirmation Hearing, the objection will be heard at the Confirmation Hearing, notice of which is given in the Notice of Meeting of Creditors. If an objection is filed within twenty (25) days after the date of filing and such timely objection is filed after the Confirmation Hearing, a hearing on the objection will be scheduled and notice of such hearing will be given.

If no objection is timely filed in accordance with SC LBR 9014-4, the court, upon the recommendation of the Trustee and without further hearing or notice, may enter an order confirming the plan following the Meeting of Creditors (11 U.S.C. § 341 Meeting) and granting the other relief requested therein.

**NOTICE**
(TO BE COMPLETED ONLY IF FORM PLAN IS ALTERED)

The Plan below contains language that is in addition to that approved for use in the Chapter 13 Plans in the United States Bankruptcy Court for the District of South Carolina, or otherwise alters the approved Form Plan. Such language is highlighted by _____ (state whether by bold type, italics, or underlining).

The unapproved language referred to above appears in Paragraph ___. Parties wishing to object to inclusion of unapproved language or any other provision of the Plan should review the following Notice, Chapter 13 Plan and Related Motions for the correct procedure to be followed.

**CHAPTER 13 PLAN AND RELATED MOTIONS**

1. The future earnings and income of the debtor(s) are submitted to the supervision and control of the chapter 13 trustee, and the debtor(s) shall pay to the chapter 13 trustee the sum of **$350.00** per month, for a period of **fifty-six (56)** months, or longer if necessary, for completion of this plan according to its terms, but not to exceed 60 months.  In addition to the above, the debtor will pay any portion of a recovery under a pre-petition claim or cause of action, that constitutes disposable income or is not exempt, to the chapter 13 trustee.

2. After the deduction from all disbursements of the allowed trustee's commission and expenses, the trustee shall make disbursements as follows:

3. Subject to review and objection, a proof of claim for attorney's fees of the debtor(s) in the amount of **$1100.00** will be filed, and may be amended from time to time,  and shall be paid at a rate of 25 % of the monthly payments to creditors (if no percentage is stated, then payment will be made at twenty-five (25%), until paid in full).  This percentage may be reduced or increased by the chapter 13 trustee in order to ensure that there are funds available for payment to secured and support creditors as set forth below.

4. Secured creditors will be treated as follows:

    (a) Long term or mortgage debt - ARREARAGE ONLY (including, but not limited to, all past due payments and escrow amounts),  to be paid to **Wells Fargo** at **$81.00** or more per month, along with **0.0%** interest.  Regular payments will be made directly by the debtor(s) beginning **September 1, 2005**.

    (b) Long term or mortgage debt - ARREARAGE ONLY (including, but not limited to, all past due payments and escrow amounts),  to be paid to **N/A** at $__ or more per month, along with **0.0%** interest.  Regular payments will be made directly by the debtor(s) beginning __.

    (c) The liens of the following creditors shall be satisfied as follows:

    Payments of **$147.00** or more per month, to **Nissan Motor Acceptance** until the net balance / value of lien plus **7.00%** interest has been paid in full.  If lien is to be valued, the debtor hereby moves to value the lien at **:$7000.00** in accordance with SC LBR 3015-1 and the notice attached hereto.  The basis of the debtor's value is as follows:  **NADA Ave. Retail less wear**, vehicle mileage (if applicable) **apprx.: 107,000**.  Liens senior to the above-named creditor are held by the following creditors in the following amounts: __.**(Pathfinder)**

    Payments of $__ or more per month, to __ until the net balance / value of lien, plus 7.00**%** interest has been paid in full.  If lien is to be valued, the debtor hereby moves to value the lien at $__ in accordance with SC LBR 3015-1 and the notice attached hereto.  The basis of the debtor's value is as follows:  Debtor's Estimate , vehicle mileage (if applicable)___.  Liens senior to the above creditor held by the following creditors in the amounts:_____.

    Payments of $__ or more per month, to __ until the net balance / value of lien, plus 7.00**%** interest has been paid in full.  If lien is to be valued, the debtor hereby moves to value the lien at $__ in accordance with SC LBR 3015-1 and the notice attached hereto.  The basis of the debtor's value is as follows:  Debtor's Estimate , vehicle mileage (if applicable)___.  Liens senior to the above creditor held by the following creditors in the amounts:_____.

    Secured tax debt - Payments of $__ or more per month, to __ on its claim secured by a tax lien until the net balance / value of lien plus 9 % interest has been paid in full. If lien is to be valued, the debtor hereby moves to value the lien at $__ in accordance with SC LBR 3015-1 and the notice attached hereto.  The basis of the debtor's value is as follows:__. Liens senior to the above-named creditor are held by the following creditors in the following amounts: $___.  Of the remaining tax claim, the following amount of $__ will be accorded priority unsecured tax status and the balance of the claim will be accorded general unsecured status and paid in accordance with paragraph 6(a) if a proof of claim is timely filed.

    If a secured creditor is included in this subparagraph, completion of all plan payments shall constitute full payment of the secured claim and shall impose an affirmative duty on such creditor to satisfy its lien as required by applicable law.

    (d) Other secured debt to be treated as follows:

    (e) The following payments to mortgage creditors are current and the debtor(s) will continue making the regular payments directly to:___.

    (f) The debtor hereby moves to avoid the following nonpossessory, nonpurchase-money security interests pursuant to 11 U.S. C. §522(f), and SC LBR 3015-1, and the notice attached hereto. If the debtor intends to avoid a security interest pursuant to other applicable sections of the United States Bankruptcy Code, (Code) then the debtor shall so state  below and shall file and serve the necessary pleadings on or before the date set for the initial meeting of creditors.

| Name of Creditor | Amount of Security Interest | Amount of Security Interest not avoided and be paid as set out in Paragraph 4(c) above |
|---|---|---|

(g) The debtor hereby moves to avoid the following judicial liens pursuant to 11 U.S.C. §522(f), SC LBR 3015-1, and the notice attached hereto. If the debtor intends to avoid a judicial lien pursuant to other applicable sections of the Code, then the debtor shall so state below and shall file and serve the necessary pleadings on or before the date set for the initial meeting of creditors.1

| Name of Creditor | Amt of Judicial Lien | Total Amt All Other + Liens + | Amt. of Exemption Claimed = | Value of Enter Amount - | Amt. of Debtor's Interest In Property = | Amt. of Judicial Lien to be Avoided | Amt. of Judicial Lien Not to be Avoided |
|---|---|---|---|---|---|---|---|
| **Chrysler** | **3200.00** | **107,000** | **10,0000** | **120,200** | **109,000** | **3200.00** | **00.00** |

5. (a) All 11 U.S.C. §507(a)(7) priority creditors (pre-petition alimony, support and/or maintenance) shall be treated as follows:

To \_\_\_\_\_, the pre-petition alimony, support and/or maintenance, $ \_\_\_\_\_ or more per month until paid in full.

All post-petition alimony and post-petition child support will be paid by the debtor outside the plan and kept current.

(b) Subsequent to the above, all 11 U.S.C. §507 priority creditors, (including, but not limited to, pre-petition taxes or other claims of governmental units) will have the allowed amounts of their pre-petition claims paid on a pro-rata basis. The debtor(s) shall pay all similar post-petition obligations to such creditors as they come due directly to such creditors.
**Richland County**

6. Subsequent to the above, unsecured creditors will be treated as follows:

(a) General unsecured creditors will be paid  1  % of their allowed claims, on a pro-rata basis. If no percentage is stated, then general unsecured creditors will be paid 100% of their allowed claims, on a pro rata basis. If the unsecured creditors are entitled to full payment on their claims plus interest, then interest shall be paid at the rate of \_ % .

(b) The following creditors who hold unsecured consumer claims with codebtors will be paid \_% of their allowed claims plus \_% interest on a pro-rata basis:.

(c) The following creditors who hold unsecured claims of the kind specified in 11 U.S.C. § 1328(a)(2) and (3) will be paid \_% of their allowed claims plus \_% interest on a pro-rata basis:

7. The debtor moves for assumption of the executory contracts and leases listed below. The debtor agrees to abide by all terms of the agreements and to cure any prepetition arrearage or defaults in the manner listed below.

| Creditor | Amount of regular payment | Amt. of default (state if none) | Cure Provisions | Regular pymts and cure pymts paid by debtor(s) / by trustee |
|---|---|---|---|---|

An executory contract or lease not specifically mentioned above is treated as rejected.

8. Upon confirmation of the plan, property of the estate will remain property of the estate, but title to the property shall revest in the debtor. Unless the plan provides otherwise, secured creditors shall retain the liens until the allowed amounts of their secured claims are paid. The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as otherwise provided for in this plan or the order confirming plan. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect post-petition obligations from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. Any claim for pre-petition child support or alimony must be collected in accordance with 11 U.S.C. §507(a)(7) and §1322(a)(2).

To receive payment from the trustee, a secured creditor must file a proof of claim. Secured claims which are not filed within the time required by Fed. R. Bankr. P. 3002(c) may be disallowed or subordinated to other claims upon further order of the court.

---

1 In certain cases, the Courts equity analysis for co-owed property pursuant to In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) may be applicable. In such instances, the formula provided in Exhibit C to SC LBR 4003-1 may be utilized.

Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Fed. R. Bankr. P. 3001 or Fed. R. Bankr. P. 3002.

If property is to be released or otherwise surrendered pursuant to this plan, the creditors holding a lien on, or interest in, the property to be released must provide the trustee with acceptable evidence of perfection of the lien or interest, otherwise the property may not be released or surrendered.

Any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within a reasonable time after the removal of the property from the protection of the automatic stay. Any funds that would have been paid to such a creditor will be distributed to other creditors, unless the court orders otherwise. This also applies to creditors who may claim an interest in, or lien on, property which is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the court orders otherwise.

If a tax creditor files a claim purporting to be a secured claim but does not timely object to confirmation of this plan, then the claim may be paid as a priority claim.

If a claim is listed in the plan as secured, and the creditor files a proof of claim as an unsecured creditor, the creditor may be treated as unsecured for purposes of distribution under the plan.

The debtor(s) will not incur indebtedness or sell property outside the ordinary course of business without permission of the court.

The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor(s).

If a claim is scheduled as unsecured, and the creditor files a proof of claim alleging that the claim is secured but does not timely object to confirmation of the plan, then the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph is not intended to limit the right of the creditor affected by this paragraph to seek relief from the stay or to object to the discharge of the debt. Nothing in this paragraph shall be deemed to affect the lien rights of the creditor except as otherwise specifically provided under the plan or by order of the Court.

Nothing herein is intended to waive or affect adversely any rights of the debtor, chapter 13 trustee, or party with respect to any causes of action.

9.    Pay order request or other plan provisions not inconsistent with the above: **Debtor consents to a wage order.: Benedict University Attn: Amy Jackson (Payroll) 1600 Harden St. Columbia, SC 29204**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that he/she served the foregoing Notice, Plan and Related Motions on all creditors and parties in interest entitled to such notice. The parties served are listed on the accompanying list or mailing matrix.

Date: 07/27/2005                                    /s/ Daniel A. Stone
                                                    Daniel A. Stone
                                                    Attorney for Debtor(s) - District Court I.D. No. 8807
                                                    7425 Broad River Rd.
                                                    Irmo, SC 29063
                                                    (803) 407-6565 407 3345 (fax)
                                                    daniel.stone@scbar.org


/s/ Akien Barber                                    /s//Marcel Barber
Debtor                                              Co-Debtor